# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

EDWARD JAVIER FLORES,

                      Plaintiff,

v.

FRESNO  COUNTY  BOARD  OF
SUPERVISORS, et al.,

                Defendants.

_____/

CASE NO. 1:06-cv-01790-LJO-WMW

ORDER REQUIRING PLAINTIFF TO FILE
AMENDED COMPLAINT OR TO NOTIFY
COURT OF WILLINGNESS TO PROCEED
ONLY ON CLAIMS FOUND TO BE
COGNIZABLE

(Doc. 1)

RESPONSE DUE WITHIN THIRTY DAYS

## I.     Screening Requirement

      Plaintiff Edward Javier Flores ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

      Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the Complaint for sufficiency to state a claim.  The Court must dismiss a complaint or portion thereof if it determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  If the court determines that the Complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

1

plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Plaintiff's Claims

### A.   Summary of Plaintiff's Complaint

Plaintiff currently resides at Atascadero State Hospital in Atascadero, California. Plaintiff is a civil detainee due to his classification as a Sexually Violent Predator ("SVP"). Plaintiff alleges his constitutional rights were violated when he was held at the Fresno County Jail in Fresno, California. Specifically, Plaintiff alleges violations of the Fourth Amendment, Sixth Amendment, Eighth Amendment, and Fourteenth Amendment. Plaintiff also alleges his confinement constituted a violation of the Ex Post Facto and Double Jeopardy Clauses. Plaintiff names the Fresno County Board of Supervisors, Margaret Mims, the Fresno County Jail, and unnamed watch commanders and classification officers at Fresno County Jail as defendants. Plaintiff seeks monetary and injunctive relief.

Plaintiff alleges that the conditions of his confinement at Fresno County Jail amounted to punishment. It appears from Plaintiff's complaint that every two years, Plaintiff receives re-

2

commitment proceedings in Fresno County and is held at the Fresno County Jail at that time.  These stays lasted anywhere from hours to a few days.

Plaintiff alleges that while held at Fresno County Jail he was exposed to feces, urine, saliva, blood, hair, waste system flooding, mucus and roaches.  His food was served through filthy food slots and that the food was served in an unsanitary manner.  Plaintiff was held in cells for hours or days at a time without access to a shower, exercise, or a telephone.  Plaintiff was not allowed to wear his own clothing, keep any of his personal possessions, and was housed in either segregated/disciplinary isolation or in loud dorms with varying penal commitments.  Plaintiff was only allowed access to the telephone at the convenience of deputies, and the calls were electronically monitored and informed recipients that the call was being placed from a correctional facility.  Plaintiff "was continually subjected to the risk of public strip searches, arbitrary searches of his personal and legal property and was unreasonably and unnecessarily restricted from having access to the Legal Library and consequently, the courts." (Compl. 11).  Plaintiff also alleges that when he had visitors, the visits were "non-contact".  Plaintiff was not given the medications prescribed by his doctors at Atascadero State Hospital.  Jail staff instead attempted to give Plaintiff a prescription blood-pressure medication that was not prescribed to him.

**B.    Fourth Amendment Claims**

Plaintiff alleges that while at Fresno County Jail he was subjected to unreasonable searches and seizures in violation of the Fourth Amendment of the U.S. Constitution.   The Fourth Amendment right to be secure against unreasonable searches and seizures applies to SVPs.  Hydrick v. Hunter, 500 F.3d 978, 993 (9th Cir. 2007).   Plaintiff alleges that defendants conducted unreasonable and unnecessary searches of Plaintiff that were degrading and punitive in nature.  Therefore, Plaintiff's complaint states a cognizable claim for violation of the Fourth Amendment.

**C.    Double Jeopardy and Ex Post Facto Claims**

Plaintiff alleges that defendants violated the Double Jeopardy and Ex Post Facto clauses. Both claims have punishment as an essential prerequisite.  Hydrick, 500 F.3d at 993-94.  Plaintiff's argument appears to be that even though the SVP Act is a civil detention statute, the way it was applied against Plaintiff was punitive in nature and therefore violated the Double Jeopardy and Ex

Post Facto clauses. However, "[a]n Act, found to be civil, cannot be deemed punitive 'as applied' to a single individual in violation of the Double Jeopardy and Ex Post Facto clauses and provide cause for release." Id. at 993 (quoting Seling v. Young, 531 U.S. 250, 267 (2001)). "Similarly, the California Supreme Court stressed the civil nature of a sexually violent predator commitment and rejected challenges to California's SVP Act based on the Ex Post Facto and Double Jeopardy Clauses of the federal constitution." Id. Therefore, Plaintiff fails to state a cognizable claim for violation of the Double Jeopardy or Ex Post Facto clauses.

**D.      Fourteenth Amendment Claims**

Plaintiff alleges that defendants violated his rights under the Due Process Clause of the Fourteenth Amendment. "'[D]ue process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed.'" Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (quoting Jackson v. Indiana, 406 U.S. 715, 738 (1972)). "[C]ivil detainees retain greater liberty protections than individuals detained under criminal process, and pre-adjudication detainees retain greater liberty protections than convicted ones . . . ." Id. at 932 (citations omitted). "At a bare minimum . . . an individual detained under civil process . . . cannot be subjected to conditions that 'amount to punishment'". Id., at 931 (9th Cir. 2004) (quoting Bell v. Wolfish, 441 U.S. 520, 536 (1979)). Treatment is presumptively punitive when a civil detainee is confined in conditions identical to, similar to, or more restrictive than his criminal counterparts, and when a pre-adjudication civil detainee is detained under conditions more restrictive than a post-adjudication civil detainee would face. Id. at 932-33. "The law generally requires a careful balancing of the rights of individuals who are detained for treatment, not punishment, against the state's interests in institutional security and the safety of those housed at the facility." Hydrick, 500 F.3d at 990 (citing Youngberg v. Romeo, 457 U.S. 307, 319-22 (1982)). "In weighing those interests, it cannot be ignored that, unlike the plaintiff in Youngberg who was civilly committed because of mental infirmities, SVPs have been civilly committed subsequent to criminal convictions and have been adjudged to pose a danger to the health and safety of others. Therefore, the rights of SVPs may not necessarily be coexistensive with those of all other civilly detained persons." Id.

///

However, the conditions of confinement for SVP's cannot be more harsh than those under which prisoners are detained, except where a statute creates a relevant difference. Id. at 989.

### i.   Conditions of Confinement

Plaintiff alleges that the conditions of his confinement at the Fresno County Jail violated his Fourteenth Amendment substantive due process rights.[1]   "[I]t is clearly setablished that the substantive due process protections of the Fourteenth Amendment apply to SVPs".  Hydrick, 500 F.3d at 997.  The Eighth Amendment provides a floor for the level of protection that SVPs must receive under the Fourteenth Amendment.  Id. at 998.  Plaintiff alleges that the use of physical restraints and the restrictions that were placed on his ability to socialize with other civil detainees, receive visitors, exercise, and make phone calls amounted to punitive punishment because he was confined under the same, or worse, conditions that criminal inmates are confined in.

Plaintiff alleges the unsanitary conditions at Fresno County Jail violated his rights under the Fourteenth Amendment.  Civil detainees have a constitutional right not to be exposed to unsanitary conditions.  Id. at 997.  Plaintiff alleges he was exposed to contaminated food and various unsanitary substances.   Plaintiff also alleges that he was not allowed to shower.

Plaintiff alleges that defendants denied him his necessary medications.   "Under the Fourteenth Amendment's due process clause, the State must provide adequate medical care to SVPs and other involuntarily civilly committed individuals."  Hubbs v. County of San Bernardino, CA, 538 F. Supp. 2d 1254, 1265 (citing Youngberg v. Romeo, 457 U.S. 307, 324 (1982); Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188-89 n. 9 (9th Cir. 2002) , cert. denied, 537 U.S. 1106 (2003); Hydrick, 500 F.3d at 998).  Plaintiff alleges that he provided defendants with a list of medications that were prescribed to him by the doctors at Atascadero State Hospital but defendants refused to provide Plaintiff with these medications.

///

///

---

[1]Plaintiff also claims that the conditions of his confinement amount to cruel and unusual punishment in violation of the Eighth Amendment.  "The Eighth Amendment has, as an essential prerequisite, the right to punish." Hydrick, 500 F.3d at 994.  Since Plaintiff's civil detainment is not "punishment" and it cannot be construed as "punitive as applied", see supra Part II.D, Plaintiff's claim is analyzed as a Fourteenth Amendment claim.

1    Plaintiff alleges that the conditions of his confinement amounted to punishment.  Therefore,

2    Plaintiff alleges a cognizable claim for violation of his substantive due process rights under the

3    Fourteenth Amendment.

4                    **ii.    Access to Courts**

5        Plaintiff alleges that defendants prevented him from corresponding privately with counsel

6    and therefore interfered with his right of access to courts under the Fourteenth Amendment.[2]  "The

7    right of access to courts has been found to encompass the right to talk in person and on the telephone

8    with counsel in confidential settings and to use available law library resources subject to legitimate

9    restrictions related to the purpose and circumstances of detention."  Hydrick, 500 F.3d at 999-1000

10   (internal citations omitted).  Plaintiff alleges that defendants prevented him from having confidential

11   communications with his attorney.  Therefore, Plaintiff alleges a cognizable claim for interfering

12   with his right of access to courts under the Fourteenth Amendment.

13                   **iii.    Privacy**

14       Plaintiff alleges that defendants violated his privacy rights under the Fourteenth Amendment.

15   "[T]he Fourteenth Amendment protects a sphere of privacy, and the most 'basic subject of privacy

16   . . . the naked body.'"  Hydrick, 500 F.3d at 1000 (quoting Grummett v. Rushen, 779 F.2d 491, 494

17   (9th Cir. 1985)).  "While the circumstances of institutional life demand that privacy be limited, it is

18   clearly established that gratuitous invasions of privacy violate the Fourteenth Amendment."  Id.

19   Plaintiff alleges that he was not given any privacy while showering, using the toilet, visiting friends

20   and family, or speaking with his attorney.  Therefore, Plaintiff alleges a cognizable claim for

21   violating his right to privacy under the Fourteenth Amendment.

22                   **iv.    Equal Protection**

23       Plaintiff alleges that his rights under the Equal Protection Clause of the Fourteenth

24   Amendment were violated because he was treated more harshly compared to other civil detainees.

25   Plaintiff does not allege that he was discriminated against as a member of a suspect class.  If the

26   action in question does not involve a suspect classification, a plaintiff may establish an equal

27   _____

28       [2]Plaintiff also claims that defendants violated his Sixth Amendment right to counsel.  However, by its express language, the Sixth Amendment only protects those in criminal proceedings.  See Hydrick, 500 F.3d at 999.

1  protection claim by showing that similarly situated individuals were intentionally treated differently

2  without a rational relationship to a legitimate state purpose.  Village of Willowbrook v. Olech, 528

3  U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley

4  Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc.

5  v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory,

6  a plaintiff must allege that:  (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was

7  intentionally treated differently from others similarly situated; and (3) there is no rational basis for

8  the difference in treatment.  Village of Willowbrook, 528 U.S. at 564.   If an equal protection claim

9  is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that

10 the selective enforcement is based upon an "impermissible motive." Squaw Valley, 375 F.3d at 944;

11 Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).

12        Plaintiff has not alleged that he was intentionally treated differently because he is a member

13 of an identifiable class.  It is not clear from Plaintiff's complaint whether he alleges that he was

14 treated differently because his classification as a SVP or because of his membership in another

15 identifiable class.  Plaintiff only alleges that he was subjected to "more restrictive, punitive, and

16 degrading conditions and treatment than other Civil Detainees".  (Compl. 15).   Additionally,

17 Plaintiff's complaint lacks any factual allegations specifying how Plaintiff was treated differently

18 than other civil detainees.  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain

19 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant

20 fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v.

21 Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

22 Plaintiff's "'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

23 recitation of the elements of a cause of action will not do."  Id. at 1964-65 (quoting Papasan v.

24 Allain, 478 U.S. 265, 286 (1986)).   Therefore, Plaintiff has failed to state a cognizable claim for

25 violation of the Equal Protection Clause.

26           **v.    Procedural Due Process**

27        Plaintiff alleges that defendants punished Plaintiff without adequate process in violation of

28 the Fourteenth Amendment.  "The Fourteenth Amendment prohibits any state deprivation of life,

7

liberty, or property without due process of law." Ingraham v. Wright, 430 U.S. 651, 672 (1977). The procedural guarantees of the Fourteenth Amendment's Due Process Clause apply only when a constitutionally protected liberty or property interest is at stake. See id. Plaintiff claims generally that his due process rights were violated because of "restrictions on movement, loss or lack of privileges . . . as well as other punishments".[3]  To the extent that Plaintiff is referring to placement segregated housing, Plaintiff fails to state a claim.  The statute under which Plaintiff is detained specifically provides that he "shall be held in administrative segregation."  Cal. Penal Code § 4002(b).  Further, "[t]he United States Supreme Court has upheld the constitutionality of housing individuals who have been adjudicated SVPs within prison facilities, in segregated housing." Munoz v. Kolender, 208 F. Supp. 2d 1125, 1143 (citing Seling v. Young, 531 U.S. 250, 261 (2001)). Therefore, placement in segregated housing after being adjudicated a SVP does not amount to the deprivation of liberty without due process.  Plaintiff has not alleged any other facts that would support a claim for deprivation of a protected liberty or property interest without procedural due process.  Therefore, Plaintiff's claim fails to state a cognizable claim for violation of his procedural due process rights.

## III.   Conclusion and Order

Plaintiff's complaint states a cognizable claim for retaliation against Defendants Fresno County Board of Supervisors, Margaret Mims, Fresno County Jail, and unnamed watch commanders and classification officers at Fresno County Jail.  Plaintiff's complaint states cognizable claims under the Fourth Amendment for unreasonable searches and seizures, and cognizable claims under the Fourteenth Amendment for punitive conditions of confinement, violation of his privacy rights, and interfering with his access to courts.  Plaintiff's complaint fails to state cognizable claims for violation of his rights under the Sixth Amendment, Eighth Amendment, or his procedural due process rights and equal protection rights under the Fourteenth Amendment.  Plaintiff's claim also fails to state cognizable claims under the Ex Post Facto or Double Jeopardy Clauses.  The Court will

---

[3]Plaintiff also alleges that he was denied medication in violation of his procedural due process rights. However, it appears from his factual allegations that Plaintiff is complaining of defendants' failure to provide medication, which is analyzed as a Fourteenth Amendment violation, not the deprivation of Plaintiff's property interest in medication that he already possessed.

provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff three (3) summonses and three (3) USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint.  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  The amended complaint must be "complete in itself without reference to the prior or superceded pleading."  Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.  In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1.  The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.  Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a.  File an amended complaint curing the deficiencies identified by the Court in this order, or

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        b.      Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Fresno County Board of Supervisors, Margaret Mims, Fresno County Jail, and unnamed watch commanders and classification officers at Fresno County Jail; and

    3.     If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.IT IS SO ORDERED.

**Dated:    January 23, 2009          **               **/s/  William M. Wunderlich      **
                                                    UNITED STATES MAGISTRATE JUDGE